## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOHN ANDREW PANTAGES, JR.,

      Plaintiff,

v.                                   CASE NO.:  5:08-cv-116-Oc-10GRJ

CARDINAL HEALTH 200, INC., a
foreign for-profit corporation,
ALLEGIANCE HEALTH CARE
CORPORATION, a foreign for-profit
corporation,

      Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY
### (FINANCIAL NET WORTH DISCOVERY)

      The Plaintiff, John Andrew Pantages, Jr., by and through his undersigned counsel and moves pursuant to Federal Rule of Civil Procedure 37 for an order compelling discovery.  The discreet topic, which is the subject of this Motion, is financial net worth discovery.

      Pursuant to Local Rule 3.01, the undersigned has conferred with attorney Conti in an effort to resolve this discovery dispute.  Respectfully, there is conflicting case law on the issue of timing of a response to financial net worth discovery.  We cannot agree.

      1.      By way of background, this Court may be aware that this is an action for personal injury.  A Thoracentesis Catheter manufactured by the Defendants broke during an elective surgical procedure on February 10, 2006.  Pieces of the plastic catheter became lodged in his chest cavity and surrounding soft tissues.

      2.      The instant litigation alleges multiple state common law causes of action ranging from negligence to fraud.  There is a claim for punitive damages pending in each of the counts.

3.      On October 29, 2008, the undersigned, on behalf of Mr. Pantages, served upon the Defendants interrogatories and a request to produce.  Collectively, these two items of discovery will be referred to as "financial net worth discovery."  There were 12 interrogatories, some including subparts, and the request to produce had 6 items.

4.      Attached as Exhibit A are the Defendants' responses to the financial net worth discovery.  The questions and responses are incorporated.

5.      There were no meaningful responses rather, there were two categories of objections:  the first is that the information is easily accessible and available to the public. Second, the Defendants contend that they can withhold responses "until Pantages has proffered evidence that he is entitled to a punitive damage award . . ."  Attached is the Affidavit of Martin Wynkoop relative to a proffer.

6.      With regards to the first objection, the Rules of Civil Procedure simply do not give the Defendants an excuse for meaningful responses by stating that the requested items are a matter of public record or otherwise easily available.

7.      With regards to the second objection that their first has to be a proffer before providing meaningful responses and, as previously stated, there is conflicting decisional case law.

## MEMORANDUM OF LAW

8.      The financial net worth discovery is reasonably calculated to lead to the discovery of admissible evidence, to-wit:  the Defendants' financial net worth.  In the event the jury were to award punitive damages, then the responsive information would then become admissible and serve as a yardstick against which to make an award.

9.     Federal Rule of Civil Procedure 33 and 34 address interrogatories and the production of documents.  Respectfully, a response that the responsive documents are "readily available to the public and is easily accessible to Pantages" is an insufficient response.  If the Defendants have the requested documents such as audited financial statements and Securities and Exchange Commission filings, then they should simply produce them.

10.     With regards to the objection that Pantages must first proffer evidence before Cardinal Health has to serve responsive documents or meaningful interrogatory answers, Plaintiff respectfully submits the case of Ward v. Estaleiro Itajai S/A, 541 F.Supp.2d 1344 (S.D. Fla. 2008) supports the Plaintiff's position that the discovery is due, regardless of the timing of a proffer.

11.     This case stands for the proposition that the defendants against whom a punitive damages claim was asserted are not permitted to withhold financial worth discovery pending a proffer of evidence.  In this case, the Court analyzed the relationship between Federal Rule of Civil Procedure 26 and Florida Statute §768.72.  The Court in Ward held that Chapter 768.72, Florida Statutes, did not require a proffer before financial net worth discovery can proceed in federal court.

12.     Again, there are decisions that hold to the contrary.  One such case is Gallina v. Commerce & Industry Ins., 2008 WL 3895919 (M.D. Fla. 2008).  In other words, this case supports the Defendants' position on timing.

13.     Applying the holding in Ward, the undersigned respectfully submits that Cardinal Health must now serve meaningful responses to the discovery at issue.  If the Defendants are correct on the timing aspect, then the attached Affidavit should serve as a proffer.

WHEREFORE, the Plaintiff requests the Court grant his Motion.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: **Michael Gay, Esquire**, Foley & Lardner, LLP, 111 North Orange Avenue, #1800, Orlando, FL 32801 mgay@foley.com.

*s/ John A. Guyton, III*
John A. Guyton, III, Esquire
Florida Bar No.: 848387
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
109 N. Brush Street, #500
Tampa, FL 33602
Tel:    (813) 229-7007
Fax:    (813) 223-6544
Email: jguyton@rywantalvarez.com
Attorney for Plaintiff