IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN ANDREW PANTAGES, JR.,

      Plaintiff,                CASE NO.: 5:08-cv-116-Oc-10GRJ

v.

CARDINAL HEALTH 200, INC., a
foreign for-profit corporation and
ALLEGIANCE HEALTHCARE
CORPORATION, a foreign for-profit
corporation,

      Defendants.
_____/

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST TO PRODUCE

Defendant, Cardinal Health 200, Inc., f/k/a Allegiance Corporation ("Cardinal"), by and through its undersigned counsel, hereby responds to the Plaintiff's, John Andrew Pantages, Jr., Request to Produce to Defendant dated October 29, 2008.

## GENERAL OBJECTION

Cardinal objects to producing any documents to the extent that they are protected by the attorney-client privilege or work product doctrine and incorporates this objection to each response below.

## RESPONSES

1.     The audited financial statements of Defendants for the years 2003 to the present.

**Response:**

       Cardinal objects to this request on the grounds that it prematurely seeks information relating to Cardinal's financial worth prior to a ruling that Pantages is entitled to an award of punitive damages and is overly burdensome and not reasonably related to the discovery of admissible evidence. Furthermore, Cardinal objects to the request on the basis that this request seeks information that is readily available to the public and is easily accessible to Pantages.

ORLA_1134811.1

EXHIBIT A

2. Copies of the Securities and Exchange Commission 10K filings for Defendants and their holding companies, if any, for the periods 2003 to the present.

**Response:**

Cardinal objects to this request on the grounds that it prematurely seeks information relating to Cardinal's financial worth prior to a ruling that Pantages is entitled to an award of punitive damages and is overly burdensome and not reasonably related to the discovery of admissible evidence. Furthermore, Cardinal objects to the request on the basis that this request seeks information that is readily available to the public and is easily accessible to Pantages.

3. Copies of any and all documents identified in Defendants' responses to interrogatory number 10 of Plaintiff's Punitive Damages interrogatories for the years 1998 to the present, [Interrogatory number 10 of Plaintiffs Punitive Damages Interrogatories requests identification of any and all loan applications filed by or on behalf of Defendants during the past five years.]

**Response:**

Cardinal objects to this request on the grounds that it prematurely seeks information relating to Cardinal's financial worth prior to a ruling that Pantages is entitled to an award of punitive damages. Furthermore, Cardinal objects to this request on the grounds that it is overly burdensome as it seeks information since 1998, when it references Interrogatory #10 which requests information since 2003. Notwithstanding this objection, Cardinal has not applied for a loan since 2003.

4. Income tax returns for Defendants for the years 2003 to the present.

**Response:**

Cardinal objects to this request on the grounds that it prematurely seeks information relating to Cardinal's financial worth prior to a ruling that Pantages is entitled to an award of punitive damages and is overly burdensome and not reasonably related to the discovery of admissible evidence. Notwithstanding these objections, Cardinal will gather and preserve this information from 2006-2008 to the extent that it can through its parent company Cardinal Health, Inc., with which it files consolidated federal tax returns, but will not serve its response until Pantages has presented evidence that he is entitled to a punitive damage award and after the Court directs Cardinal to serve a response to this request.

5. Any and all of Defendants' annual reports for the years 2003 to the present.

**Response:**

Cardinal objects to this request on the grounds that it prematurely seeks information relating to Cardinal's financial worth prior to a ruling that Pantages is entitled to an award of punitive damages and is overly burdensome and not reasonably related to the discovery of admissible evidence. Furthermore, objects

2

to the request on the basis that this request seeks information that is readily available to the public and is easily accessible to Pantages.

6. Pursuant to Florida Statute, Section 627.4137, please provide a statement under oath by an authorized officer of the Defendants, or their insurance representative, indicating whether or not the insurance carrier intends to provide insurance coverage for any punitive damages verdict returned by the jury in this case.

**Response:**

See Response to Interrogatory Number 12 of the Interrogatories served contemporaneously herewith.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by United States Mail this 8th day of December, 2008, to **JOHN A. GUYTON, ESQUIRE,** Rywant, Alvarez, Jones, Russo & Guyton, P.A., 109 North Brush Street, #500, Tampa, Florida 33602.

Michael Gay
mgay@foley.com
Florida Bar No. 0938191
Anthony D. Conti
aconti@foley.com
Florida Bar No. 0634166
FOLEY & LARDNER LLP
P.O. Box 2193
Orlando, Florida 32802
111 N. Orange Ave., Ste. 1800
Orlando, Florida 32801
Telephone: (407) 244-3276
Facsimile (407) 648-1743
Attorney for Cardinal Health 200, Inc.

3

ORLA_1134811.1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOHN ANDREW PANTAGES, JR.,**

    **Plaintiff,**

CASE NO.: 5:08-cv-116-Oc-10GRJ

v.

**CARDINAL HEALTH 200, INC.,** a foreign for-profit corporation and **ALLEGIANCE HEALTHCARE CORPORATION,** a foreign for-profit corporation,

    **Defendants.**

_____/

## NOTICE OF SERVICE OF DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

Defendant, Cardinal Health 200, Inc., f/k/a Allegiance Corporation ("Cardinal"), by and through its undersigned counsel, hereby gives notice of service of Defendant's Answers to the Plaintiff's, John Andrew Pantages, Jr., Interrogatories to Defendant dated October 29, 2008.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by United States Mail this 8th day of December, 2008, to **JOHN A. GUYTON, ESQUIRE,** Rywant, Alvarez, Jones, Russo & Guyton, P.A., 109 North Brush Street, #500, Tampa, Florida 33602.

Michael Gay
mgay@foley.com
Florida Bar No. 0938191
Anthony D. Conti
aconti@foley.com
Florida Bar No. 0634166
FOLEY & LARDNER LLP
P.O. Box 2193
Orlando, Florida 32802
111 N. Orange Ave., Ste. 1800
Orlando, Florida 32801
Telephone: (407) 244-3276
Facsimile (407) 648-1743
Attorney for Cardinal Health 200, Inc.

ORLA_1145560.1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN ANDREW PANTAGES, JR.,

    Plaintiff,                                CASE NO.: 5:08-cv-116-Oc-10GRJ

v.

CARDINAL HEALTH 200, INC., a
foreign for-profit corporation and
ALLEGIANCE HEALTHCARE
CORPORATION, a foreign for-profit
corporation,

    Defendants.
_____/

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

Defendant, Cardinal Health 200, Inc., f/k/a Allegiance Corporation ("Cardinal"), by and through its undersigned counsel, hereby responds to the Plaintiff's, John Andrew Pantages, Jr., Request to Produce to Defendant dated October 29, 2008.

## GENERAL OBJECTION

Cardinal objects to producing any documents to the extent that they are protected by the attorney-client privilege or work product doctrine and incorporates this objection to each response below.

## ANSWERS TO INTERROGATORIES

1. What is the name and address of each person or persons answering these Interrogatories; and, if applicable, the person's official position or relationship with the party to whom these Interrogatories are directed?

**Answer:**

The information contained herein was gathered from multiple sources within Cardinal and is not within the knowledge of a single person, but the individual executing this response, Jason Maxwell, Assistant General Counsel, Cardinal Health, is informed and believes the responses herein to be true and correct.

2. Please identify all income received by the Defendants, for the years 2003 through present. This identification should include the following:

    a. The amount of any such income and the year in which it was received;

**Answer:**

Cardinal objects to this request on the grounds that it prematurely seeks information relating to Cardinal's financial worth prior to a ruling that Pantages is entitled to an award of punitive damages and is overly burdensome and not reasonably related to the discovery of admissible evidence. Notwithstanding, these objections, Cardinal will gather and preserve this information from 2006-2008, but will not serve its response until Pantages has proffered evidence that he is entitled to a punitive damage award and after the Court directs Cardinal to serve a response to this request.

    b. Each person who was involved in the calculation of such income; and

**Answer:**

See Response to Request 2(a).

    c. All documents that concern, relate, or refer to all income received by Defendants from 2003 through present.

**Answer:**

See Response to Request 2(a).

3. Please identify the net income for Defendants from 2003 through present. The identification should include the following:

    a. The amount of net income and the year in which it was received;

**Answer:**

See Response to Request 2(a).

    b. Each person who was involved in the calculation of net income;

**Answer:**

2

See Response to Request 2(a).

c. The gross income used to calculate profits;

**Answer:**

See Response to Request 2(a).

d. The deductible costs used to calculate net profits;

**Answer:**

See Response to Request 2(a).

e. The method used to calculate net profits;

**Answer:**

See Response to Request 2(a).

f. The persons involved in the calculation of the net income; and

**Answer:**

See Response to Request 2(a).

g. All documents used to calculate net profits.

**Answer:**

See Response to Request 2(a).

4. Please identify all income received by Defendants, for the years 2003 through present, which was paid for, or reimbursed by, the Federal Government of the United States and any state or local government.

**Answer:**

See Response to Request 2(a).

5. Please identify all documents that concern, relate, refer, or state the net worth of the Defendants, in the possession of the Defendants or their attorneys, agents, employees, or independent contractors.

**Answer:**

See Response to Request 2(a).

6. Please state the net worth of the Defendants for the years 2003 through present. The identification should include the year and the net worth of the Defendants for that year.

3

**Answer:**

See Response to Request 2(a).

7. Do you intend to call any witnesses to testify at trial as to the issue of punitive damages? If so, state as to each such witness the name and address of the witness, the witness' qualifications; if the witness is an expert witness, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and the summary of the grounds for each opinion.

**Answer:**

See Response to Request 2(a).

8. Do you intend to introduce any exhibits at trial regarding the punitive damages claim in this matter? If your answer is "YES," please identify the exhibit, describe the information portrayed in the exhibit, and identify any and all documents, records, or other information, which serves as a basis for the information contained in the exhibit.

**Answer:**

See Response to Request 2(a).

9. What is the name and address of the person most knowledgeable about the Defendants financial matters?

**Answer:**

Angela Perkins, who may be reached through Cardinal's counsel.

10. Please identify any and all loan applications filed by, or on behalf of the Defendants for the years 2003 through present, including the date of the application and the person or entity making the loan.

**Answer:**

None.

11. Please identify any and all bonds issued by the Defendants, and the agency with which Defendants filed any documents regarding the issue of any bond for the years 2003 through present.

**Answer:**

See Response to Request 2(a).

12. Does your insurance company intend to provide insurance coverage for any punitive damages verdict returned against Defendants, by the jury in this case?

4

**Answer:**

Cardinal objects to this request to the extent that it assumes that Pantages is entitled to recover punitive damages in this matter. Notwithstanding this objection, Cardinal's insurance policy does provide coverage for punitive damages, but the insurer has not taken a position as to whether it intends to provide coverage in this matter.

NAME: Jason Maxwell
TITLE: Assistant General Counsel
Cardinal Health

STATE OF Illinois
COUNTY OF Lake

The foregoing instrument was acknowledged before me this day of December 3, 2008, by Jason Maxwell, who is personally known to me or has produced his/her Illinois license as identification and who did take an oath that he/she is the person who answered the foregoing interrogatories and that all of said interrogatories were answered truthfully and completely to the best of his/her knowledge and ability.

My commission expires: 8/15/09

NOTARY PUBLIC

OFFICIAL SEAL
MARLENE POULOS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/15/09

ORLA_1145560.1

5