UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN ANDREW PANTAGES, JR.,

        Plaintiff,

v.                                                        Case No. 5:08-cv-116-Oc-10GRJ

CARDINAL HEALTH 200, INC., a foreign for-
profit corporation, and ALLEGIANCE
HEALTHCARE CORPORATION, a foreign for-
profit corporation,

        Defendant.
_____

**ORDER**

Pending before the Court are Plaintiff's Motion to Compel Discovery (Financial Net Worth Discovery) (Doc. 65) and Plaintiff's Amended Motion to Compel Discovery (Financial Net Worth Discovery) (Doc. 74) to which the Defendant has filed responses in opposition. (Docs. 67 & 101.) For the reasons discussed below, Plaintiff's Motion and Amended Motion to Compel Discovery (Financial Net Worth Discovery) are due to be **GRANTED**.

**DISCUSSION**

On October 28, 2008 the Court granted Plaintiff leave to file his Third Amended Complaint alleging claims for punitive damages. The next day, Plaintiff propounded interrogatories and served a request for production seeking information relevant to Defendant's financial net worth. Defendant served objections to the financial discovery contending that Plaintiff's discovery requests were premature because they sought "information relating to [Defendant's] financial worth prior to a ruling that [Plaintiff] is

entitled to an award of punitive damages." Defendant also objected to many of the requests asserting that Plaintiff's requests sought information that is readily available to the public, is overly burdensome, and was not reasonably related to the discovery of admissible evidence.

The parties do not disagree about the right to seek financial discovery but rather disagree about the timing of when the Defendant must respond, if at all. Relying upon Fla. Stat. §768.72(1)[1] and <u>Gallina v. Commerce & Indus. Ins.</u>, No. 8:06-cv-1529-T-27EAJ, 2008 WL 3895918, at *5 (M.D. Fla. Aug. 15, 2008), Defendant argues that a Defendant's obligation to provide information related to its financial worth during discovery does not arise "until it becomes apparent that punitive damages can be awarded." Thus, consistent with <u>Gallina</u>, Defendant advises that it has "gathered and preserved" financial information related to Plaintiff's claims for punitive damages, but objects to handing it over to Plaintiff "until such time as Plaintiff has met his burden."

Relying upon <u>Ward v. Estaleiro Itajai S/A</u>, 541 F. Supp. 2d 1344 (S.D. Fla. 2008) Plaintiff asserts that Defendant's responses to the financial net worth discovery are due because § 768.72(1) does not apply in a federal diversity action. In <u>Ward</u>, Judge Zloch concluded that the time limitation on financial worth discovery set forth in § 768.72(1) conflicts with the scope of discovery mandated by Rule 26 of the Federal Rules of Civil

---

[1] In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. . . . The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. *No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.* Fla. Stat. § 768.72(1)(2008).

2

Procedure and therefore § 768.72 should not be applied in a federal diversity action. Id. at 1349.

While the law from the various federal trial courts cited by the parties supports their respective positions, the Court concludes that the better reasoned view is that the federal discovery rules - and Rule 26 in particular - trump § 768.72. Here's why.

First, those courts which have concluded that § 768.72 is applicable in a federal diversity action have interpreted § 768.72 to contain two separate parts: a pleading aspect and a discovery aspect.[2] Consistent with the analysis in <u>Ward</u>, the plain reading of § 768.72 does not require a separate showing for pleading and then a separate showing to proceed with discovery of financial worth. Rather, the statute requires that a party cannot proceed with a claim for punitive damages without first making a reasonable showing by evidence in the record or by proffer by the claimant that there is a reasonable basis for recovery of punitive damages. With regard to financial worth discovery the statute simply provides that such discovery shall not proceed until after the pleading concerning punitive damages is permitted. Thus, once a showing is made under the statute to proceed with a claim for punitive damages the right to financial worth discovery is triggered. There is simply no separate requirement under the statute for proffering evidence to support a claim for punitive damages as an independent requirement before proceeding with financial worth discovery. Accordingly, the only way Defendant's position - that financial worth discovery cannot proceed until a proffer is

---

[2] *See, e.g.* <u>State of Wis. Inv. Bd. v. Plantation Square Associates, Ltd.</u>, 761 F.Supp. 1569 (S.D. Fla. 1991); <u>Al-Site Corp. v. VSI Int'l. Inc.</u>, 842 F.Supp. 507 (S.D. Fla. 1993).

3

made - can be applicable is if the pleading requirement of § 768.72 applies in federal diversity actions.

This question - i.e whether the requirement in § 768.72 that a party proffer evidence supporting punitive damages before proceeding - has been squarely addressed and rejected by the Eleventh Circuit. In Cohen v. Office Depot, Inc., 184 F.3d 1292, 1298-99 (11th Cir. 1999), *aff'g in part and vacat'g on other grounds*, 204 F.3d 1069 (11th Cir. 2000) the court considered the relationship between Fla. Stat. § 768.72 and Rule 8(a) of the Federal Rules of Civil Procedure and concluded that § 768.72 directly conflicts with Rule 8 of the Federal Rules of Civil Procedure. As such, the Cohen court concluded that under the *Erie* doctrine, the pleading requirements in § 768.72 must yield to the notice pleading requirements of Rule 8 in the federal context.

Therefore, as instructed by Cohen in a federal diversity action, as here, a plaintiff does not have to plead and prove a basis for punitive damages. Further, because § 768.72 does not contain two separate requirements - one for pleading and one for discovery - but rather authorizes financial net worth discovery to proceed once the pleading concerning punitive damages has been permitted, the Plaintiff became entitled to pursue financial worth discovery once the Third Amended Complaint (which included the claim for punitive damages) was authorized.

Secondly, although the Eleventh Circuit has not expressly addressed the issue of whether the federal discovery rules trump § 768.72,[3] under an *Erie* analysis there is no doubt that the federal discovery rules trump § 768.72.

---

[3] *See* Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir. 2001) ("This Court, in *Cohen*, did not decide whether or not federal discovery rules preempt [§ 768.72]. Likewise, we need not answer this question here.").

As a general proposition, under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), when a federal court exercises its diversity jurisdiction, the court is bound to apply state substantive law and federal procedural law. The first step in the analysis - before even determining whether the state law is substantive or procedural - is to determine whether the state statute directly conflicts with the Federal Rule. Hanna v. Plumer, 380 U.S. 460, 471 (1965). If the Court determines that there is a direct conflict, the analysis ends there and the Court must apply the Federal Rule, unless the Rule is beyond the Rules Enabling Act or it is unconstitutional. Id. at 471.

The Court has no hesitation concluding that Defendant's interpretation of § 768.72, as requiring a party first to proffer evidence supporting a claim for punitive damages before proceeding with financial worth discovery, is directly at odds with the language of Rule 26(b) of the Federal Rules of Civil Procedure, which authorizes parties to "[o]btain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... " Because § 768.72 is in direct conflict with Rule 26(b) of the Federal Rules of Civil Procedure, the Court is not required under Erie to determine whether the state statute is substantive or procedural. The Federal Rule simply applies. Therefore, because Plaintiff's demand for punitive damages became a claim in this case once the Third Amended Complaint was filed, discovery of Defendant's financial worth was within the scope of permissible discovery.

Thus, as stated by the Court in *Ward*, "while Florida is free to formulate its own rules for discovery, to the extent they conflict with the uniform rules of federal procedure they must be disregarded. If applied in federal court, section 768.72(1) would place a governor on Rule 26 where Congress has not seen fit to place one." at 1353.

5

Consequently, just as § 768.72 must yield to the application of Rule 8 of the Federal Rules of Civil Procedure, it also must yield to the federal rules governing the scope and timing for discovery in federal courts. Defendant must, therefore, respond to Plaintiff's discovery requests in accord with Rules 33 and 34 of the Federal Rules of Civil Procedure without regard to the time limitation set forth in § 768.72 of the Florida Statutes.

Accordingly, upon due consideration, and for the reasons discussed above, Plaintiff's Motion and Amended Motion to Compel Discovery (Financial Net Worth Discovery) (Docs. 65 & 74) are due to be **GRANTED**.[4] Defendant shall provide its responses within **twenty (20) days** of the date of this Order.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on April 15, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[4] To the extent the Defendant has objected to the discovery requests on the grounds that some of the records are available in the public record, the objection is overruled. However, with regard to the relevant time period the Court agrees with the Defendant that some of the discovery requests call for the production of information covering an unduly extended time frame. Accordingly, the Defendant will only be required to produce responsive information from January 2006 to present.